UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| FUCHSIA SUN, | Case No. 3:21-cv-00428-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| RENOWN HOSPITAL REGIONAL MEDICAL CENTER PEDIATRIC ICU, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

*Pro se* Plaintiff Fuchsia Sun filed a complaint against Defendants Renown Regional Medical Center Pediatric ICU ("Renown"), and various Renown doctors and staff for "medical malpractice negligence." (ECF No. 1-1 ("Complaint").) Before the Court is the Report and Recommendation of United States Magistrate Judge Carla L. Baldwin. (ECF No. 5 ("R&R").) The R&R recommends that Sun's applications to proceed *in forma pauperis* (ECF Nos. 1, 4) be granted and that her Complaint (ECF No. 1-1) be dismissed without leave to amend. Sun timely filed an objection to the R&R (ECF No. 6 ("Objection")), and shortly thereafter, Sun filed a motion to extend time to file an affidavit of merit (ECF No. 7 ("Motion")). Because the Court agrees with Judge Baldwin that NRS § 41A.071 requires the Court to dismiss the Complaint for failure to include a required medical expert affidavit—as further explained below—the Court overrules the Objection, adopts the R&R in full, and denies the Motion as moot.

**II.   BACKGROUND**

The Court incorporates by reference Judge Baldwin's recitation of the factual background provided in the R&R, which the Court adopts here. (ECF No. 5 at 3-4.)

///

### III. LEGAL STANDARD

#### A. Review of the Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus *de novo* because Sun filed an Objection (ECF No. 6).

### IV. DISCUSSION

Following a *de novo* review of the R&R and other records in this case, the Court finds good cause to accept and adopt Judge Baldwin's R&R in full.

Judge Baldwin recommends that the Complaint be dismissed because (1) it is unclear as to whether Sun is seeking to represent an unnamed third-party, (2) the Court lacks subject matter jurisdiction over this action, and (3) Nevada law—NRS § 41A.071—requires medical malpractice/professional negligence claims be filed with a supporting medical expert affidavit. (ECF No. 5 at 4-6.) Because § 41A.071 proves to be dispositive, the Court declines to address Sun's remaining objections to Judge Baldwin's R&R and will only address § 41A.071 below.

In the Objection, Sun states that before filing the Complaint, Sun had "consulted with a licensed medical professional(s) . . . regarding the events[] that took place at the hospital and are the base for actually filing this claim." (ECF No. 6 at 2.) Sun further states that she "[w]ill provide an Affidavit of Merit." (ECF No. 6 at 2.) While the Court recognizes *pro se* litigant are generally afforded leave to amend a complaint, the Court nevertheless dismisses this action without leave to amend pursuant to Nevada law, NRS § 41A.071.

Sun's claim of medical malpractice negligence sounds in state law and thus NRS § 41A.071 applies. *See Pacheco v. Soon Kim*, Case No. 3:14-cv-00124-MMD, 2014 WL 5460869 at *3 (D. Nev. Oct. 27, 2014) ("Medical malpractice is a state-law claim."). Section 41A.071 expressly provides that "[i]f an action for professional negligence is filed in the

2

district court, the district court shall dismiss the action, without prejudice, if the action is filed without [a supporting] affidavit" from a medical expert. The Nevada Supreme Court has stated that the purpose of § 41A.071 was "to lower costs, reduce frivolous lawsuits, and ensure that medical malpractice actions are filed in good faith based upon competent expert medical opinion." *Washoe Med. Ctr. v. Second Jud. Dist. Ct.*, 148 P.3d 790, 794 (Nev. 2006) (quoting *Szydel v. Markman*, 117 P.3d 200, 204 (Nev. 2005)). When a medical malpractice complaint is filed without a supporting medical expert affidavit, it is "void ab inito, meaning it is of no force and effect." *Id.* As such, "a complaint defective under NRS [§] 41A.071 is void and cannot be amended." *Id.*

Here, Sun brings this action against Defendants for medical malpractice negligence. (ECF No. 1-1 at 4.) She alleges that the doctors and staff at Renown performed an unnecessary colonoscopy and multiple medical procedures without consent that led to serious complications. (*Id.*) Sun further alleges that Defendants failed to properly care for a "high risk person," respiratory therapists were incapable and careless, and that they did not respond when called during hypoxia events that led to respiratory stress. (*Id.*) Based on these allegations, and assuming the Court has jurisdiction over Sun's state-law claim,[1] the Court finds that Defendants' actions are not a matter of "ordinary negligence" in the medical context. *See Est. of Curtis v. S. Las Vegas Med. Inv'rs, LLC*, 466 P.3d 1263, 1267-70 (Nev. 2020) (discussing when a claim sounds in ordinary or professional negligence, and thus whether medical expert affidavit is required). Rather, Sun's claim raises questions of medical judgment beyond the realm of common knowledge, therefore, Defendants' alleged actions constitute "professional negligence" triggering NRS § 41A.071's affidavit requirement. *See id.* Because Sun failed to file a

---

[1]Sun brought this action under diversity jurisdiction, 28 U.S.C. § 1332. (ECF No. 1-1.) Federal courts are courts of limited jurisdiction. Under § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000. The Court notes that in the Complaint, Sun states that she is a citizen of Nevada, and that Defendants are either citizens of, reside in, or incorporated in, the State of Nevada. (*Id.* at 1-3.) Conversely, in the Objection, Sun states that she is "a resident of New York State and temporary living in Nevada." (ECF No. 6 at 5.) However, it is clear from the Complaint that complete diversity does not exist in this action as required by § 1332.

supporting medical expert affidavit with the Complaint, her claim is void and must therefore be dismissed without leave to amend, by operation of law. *See Washoe Med. Ctr.* 148 P.3d at 793-94. Accordingly, Sun's Motion is denied as moot.

In light of Sun's *pro se* status, the Court notes that the dismissal of this action does not prohibit Sun from filing a new complaint. Although the dismissal of this action is based on failure to comply with NRS § 41A.071, the Court further notes that Judge Baldwin's R&R recommends dismissal based on additional deficiencies in the Complaint. (*See* ECF No. 5 at 3-6.) Those deficiencies should not be overlooked when filing a new complaint merely because this order does not address them directly.

## V.    CONCLUSION

It is therefore ordered that Plaintiff Fuchsia Sun's Objection (ECF No. 6) is overruled.

It is further ordered that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 5) is accepted and adopted in full.

It is further ordered that Sun's applications to proceed *in forma pauperis* (ECF Nos. 1, 4) are granted.

The Clerk of Court is directed to file Sun's Complaint (ECF No. 1-1).

It is further ordered that Sun's Complaint (ECF No. 1-1) is dismissed without leave to amend. Dismissal is based on failure to comply with NRS § 41A.071.

It is further ordered that Sun's motion to extend time to file an affidavit of merit (ECF No. 7) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 17th Day of November 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE